

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN R. HEIL ) | |
| ) | |
| Plaintiff. ) | |
| v. ) | CIVIL NO. 3:08CV720 |
| ) | RLW |
| ASSET ACCEPTANCE, LLC, ) | |
| ) | |
| SERVE: CT Corporation System ) | |
| 4701 Cox Road ) | |
| Suite 301 ) | |
| Glen Allen, VA 23060 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW the Plaintiff, John R. Heil, by counsel, and as for his Complaint against the Defendant, he alleges as follows:

1. This action is a Complaint brought against the Defendant pursuant to the Fair Debt Collection Practices Act ("FDCPA"). Defendant Asset Acceptance, LLC is a debt collector that purchases debts and sues consumers in the General District Courts of the Commonwealth of Virginia to collect such debts.

## JURISDICTION

2. Jurisdiction is proper pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331. The Court additionally has the authority to provide declaratory relief pursuant to 28 U.S.C. § 2201 and 2202.

## PARTIES

3. Plaintiff is a natural person, resides within the Eastern District of Virginia, and at all times relevant hereto was a "consumer" as defined and governed by the Fair Debt Collection Practices Act ("FDCPA").

4. Defendant Asset Acceptance, LLC, (hereafter, "Asset Acceptance" or "AAC"), is a Delaware limited liability company with its headquarters and principal place of business located in Warren, Michigan. Asset Acceptance is a debt purchaser that buys stale consumer debt from creditors and other debt collectors and then files actions against consumers in its own name in Virginia state courts, using in-house counsel. At all times relevant hereto, Asset Acceptance was a "debt collector" as that term is defined by the FDCPA.

## STATEMENT OF FACTS

5. Plaintiff's wife was an obligor on an account to Dell Financial Services which was opened without Plaintiff's knowledge or permission.

6. Despite that Plaintiff was never contractually obligated on the Dell account, Defendant nonetheless sued Plaintiff in Westmoreland General District Court regarding the account and reported to one or more entities that Plaintiff was obligated to pay on this account.

7. Plaintiff contacted the Defendant, and despite that Plaintiff was never liable for his wife's account, based on the Defendant's misrepresentations to him that he was somehow legally obligated to pay the debt, Plaintiff nonetheless agreed to enter into a monthly payment plan with the Defendant upon Defendant's representations that the lawsuit would be dismissed upon receipt of his first installment payment.

8. Plaintiff remitted this initial payment and has steadfastly made the monthly payments to the Defendant in accordance with the terms to which he had agreed. The Plaintiff would not have made these payments to the Defendant, but for its misrepresentations to him.

9. Upon the representations of the Defendant, Plaintiff understood that the claims pending against him in Westmoreland General District Court had been dismissed, and Plaintiff did not appear on the date of his hearing on December 10, 2007.

10. Defendant obtained a default judgment against Plaintiff in the amount of $2,035.94 plus interest at the rate of 6% from 10/4/2004, causing extreme damage to the Plaintiff, both as to his lost money and emotional distress, as well as his credit score and his reputation.

### COUNT ONE:
### VIOLATION OF 15 U.S.C. §1692e

11. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 10 above as if fully set out herein.

12. The false statements and misrepresentations described herein as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e.

13. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

### COUNT TWO:
### VIOLATION OF 15 U.S.C. §1692e(2)(A)

14. The Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 13 above as if fully set out herein.

15. The false statements and misrepresentations regarding the amount and legal status of the debt as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e(2)(A).

16. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT THREE:
## VIOLATION OF 15 U.S.C. §1692e(5)

17. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 16 above as if fully set out herein.

18. The false statements and misrepresentations regarding threats to take an action that cannot legally be taken or that is not intended to be taken as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e(5).

19. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FOUR:
## VIOLATION OF 15 U.S.C. §1692e(10)

20. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 19 above as if fully set out herein.

21. The false statements, misrepresentations, and deceptive means to collect or to attempt to collect a debt as made by Defendant Asset Acceptance violated 15 U.S.C. §1692e(10).

22. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT FIVE:
## VIOLATION OF 15 U.S.C. §1692f(1)

23. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 22 above as if fully set out herein.

24. The false statements and misrepresentations regarding the collection of an amount not authorized by the agreement creating the debt or permitted by law as made by Defendant Asset Acceptance violated 15 U.S.C. §1692f(1).

25. Plaintiff is therefore entitled to actual and statutory damages against Defendant AAC, as well as his reasonable attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

WHEREFORE, your Plaintiff demands judgment for actual and statutory damages, attorneys' fees and costs, pursuant to the Fair Debt Collection Practices Act against Defendant Asset Acceptance, and such other relief that the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

JOHN R. HEIL

By _____
Of Counsel

MATTHEW J. ERAUSQUIN, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
3615-H Chain Bridge Road
Fairfax, Virginia 22030
(703) 273-7770
(888) 892-3512 facsimile
matt@clalegal.com